UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, Individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BAYSTATE HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No.: |

## NOTICE OF REMOVAL

Defendant, Baystate Health System, Inc., by and through undersigned counsel, files this Notice of Removal of this action from the Superior Court of Massachusetts, Suffolk County, Civil Action No. 2384-CV-01949-BLS1, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

### INTRODUCTION

1. Plaintiff filed the action styled *Jane Doe, Individually and on behalf of all others similarly situated v. Baystate Health System, Inc.*, Civil Action No. 2384-CV-01949-BLS1, in the Superior Court for Suffolk County, Massachusetts, on August 29, 2023.

2. On January 31, 2025, Plaintiff filed an Amended Complaint, which added claims, including a claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.* Defendant was served with the Amended Complaint on February 7, 2025.

3. A copy of Plaintiff's Original Complaint and Amended Complaint, together with all process and pleadings served upon Defendant in the state action are attached as **Exhibit A**.

**TIMELINESS OF REMOVAL**

4. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it is filed within thirty (30) days of the date that Defendant received service of Plaintiff's Amended Complaint.

**NATURE OF THE CASE**

5. Baystate Health System, Inc. is a non-profit healthcare system in Springfield, Massachusetts. Baystate Health System, Inc. has a website that allows the public to view information about its services and browse other information. Plaintiff alleges that she is a user of that website.

6. Plaintiff brings the action on behalf of herself and a putative class of other individuals. Plaintiff's Amended Complaint asserts claims under the ECPA and the Massachusetts Right to Privacy Act, G.L. c. 214 § 1B, in addition to common law claims for breach of fiduciary duty and breach of implied contract. *See* **Exhibit A**, Pl.'s Amend. Compl. at ¶¶ 122–73.

7. Plaintiff's claims relate to Defendant's alleged use of various advertising technology on its public facing website, including Google Analytics and the Meta Pixel. *See* **Exhibit A**, Pl.'s Amend. Compl. at ¶¶ 4, 30–43, 52–58.

**GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

8. For the first time in Plaintiff's Amended Complaint, Plaintiff asserts a claim against Defendant under federal law. Specifically, Plaintiff alleges violations of the ECPA. *See* **Exhibit A**, Pl.'s Amend. Compl. at ¶¶ 5, 122–43.

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.     This Court has subject matter jurisdiction over Plaintiff's purported ECPA claim because it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also, e.g.*, *MediterraneanCoins, GmbH v. eBay.com*, 2005 WL 3096374, at *3 (N.D. Cal. Nov. 14, 2005) (recognizing that the defendant "properly removed" the case from state to federal court based on federal question jurisdiction, where the amended complaint alleged a claim under the ECPA).

11.     This action is removable pursuant to 28 U.S.C. §1441(a) because it is within the original jurisdiction of this Court under 28 U.S.C. § 1331 in that it involves claims arising under the laws of the United States.

12.     Further, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims "derive from a common nucleus of operative fact" such that the claims for part of the same case or controversy. 28 U.S.C. § 1367.

## PROCEDURE AND VENUE

13.     Venue lies in the United States District Court for the District of Massachusetts – Boston Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed within this District and Division. The Superior Court of Massachusetts, Suffolk County, is located within the District of Massachusetts – Boston Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

14.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which, as of the date hereof, have been served upon Defendant in the state court action are attached to this Notice of Removal as **Exhibit A**.

15.     The Civil Cover Sheet associated with this Notice of Removal is attached as **Exhibit B**.

16. In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly served upon counsel for Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court of Massachusetts, Suffolk County.

17. Pursuant to Local Rule 81.1(a), within twenty-eight (28) days after the filing of this Notice of Removal, Defendant will file attested copies of all records and proceedings, as well as docket entries in the State Court Action.

18. By filing this Notice of Removal, Defendant does not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, personal jurisdiction, or arbitrability of claims.

19. Defendant reserves the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

20. WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of Massachusetts, Suffolk County to the United States District Court for the District of Massachusetts – Boston Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Date: February 10, 2025                                     Respectfully submitted,

*/s/ Lisa Oliver White*
Lisa Oliver White, BBO# 666841
Shook, Hardy & Bacon L.L.P.
One Federal Street, Suite 2620
Boston, MA 02110
Tel: (617) 531-1411
lowhite@shb.com

Tammy B. Webb*
Aubrey L. Kramer*
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300

San Francisco, CA 94105
Tel: (415) 544-1900
twebb@shb.com

Jad Sheikali*
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

Anna A. Gadberry*
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Tel: (816) 474-6550
agadberry@shb.com

* Pro hac vice motion to be filed

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 10, 2025, the foregoing was served via electronic mail to all parties of record:

Jonathan Shapiro (BBO No. 454220)
Shapiro & Teitelbaum LLP
55 Union Street, 4th Floor
Boston, MA 02108
Tel.: (617) 742-5800
jshapiro@jsmtlegal.com

Sherrie R. Savett
Lane L. Vines
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
ssavett@bm.net
lvines@bm.net

Sophia M. Rios
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel.: (619) 489-0300
srios@bm.net

                                        */s/ Lisa Oliver White*
                                        Lisa Oliver White