**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JANE DOE, Individually and on behalf of all others similar situated,

Plaintiff,

v.

BAYSTATE HEALTH SYSTEM, INC.,

Defendant.

Case No.: 1:25-CV-10337-JEK

**DEFENDANT BAYSTATE HEALTH SYSTEM, INC.'S FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Baystate Health System, Inc. ("Baystate") submits this Fourth Notice of Supplemental Authority to direct the Court's attention to two recent decisions of the United States District Court for the District of Massachusetts in *Progin v. UMass Memorial Health Care, Inc.*, No. 4:25-cv-40003-ADB (D. Mass. March 6, 2026) and *Caine v. Sturdy Memorial Hospital, Inc.*, No. 1:25-cv-10261-ADB (D. Mass. March 10, 2026), both of which have significant relevance to Baystate's pending Motion to Dismiss Plaintiff Doe's Amended Complaint [ECF No. 25].

In *Progin*, the Court dismissed plaintiffs' claim under the Electronic Communications Privacy Act ("ECPA"). The Court held plaintiffs' allegations "do not support the inference that [UMass] purposefully committed the "criminal and tortious acts" specified by [p]laintiffs." (Ex. A at 10). Judge Burroughs emphasized that "[i]t is not enough that a crime or tort [may have been] a . . . side-effect of the interception." (*Id.*) A copy of the *Progin* decision, which further supports points raised in Baystate's Motion to Dismiss, is attached as Exhibit A for the Court's consideration.

In *Caine*, the Court likewise dismissed plaintiff's ECPA claim, holding plaintiff failed to plausibly "allege that Sturdy Memorial purposefully acquired IIHI without authorization or purposefully intruded upon her seclusion." (Ex. B at 9). The Court held that plaintiff's facts were "too thin to support the inference that Sturdy Memorial installed the tracking tools for the purpose of acquiring IIHI without authorization." The Court further held that allegations of notice regarding privacy risks were insufficient to infer purposeful intrusion. For the Court's consideration, a copy of the *Caine* decision is attached as Exhibit B.

Dated: March 13, 2026

Respectfully submitted,

BAYSTATE HEALTH SYSTEM, INC.

By: /s/Lisa Oliver White
Lisa Oliver White, BBO# 666841
**SHOOK, HARDY & BACON L.L.P.**
One Federal Street, Suite 2620
Boston, MA 02110
Tel: (617) 531-1411
lowhite@shb.com

Tammy B. Webb (*pro hac vice*)
Aubrey Kramer (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
twebb@shb.com

Jad Sheikali (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

Anna A. Gadberry (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd

Kansas City, MO 64108
Tel: (816) 474-6550
agadberry@shb.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I, Lisa Oliver White, do hereby certify that on March 13, 2026, a true and correct copy of the foregoing document was served upon all counsel of record via the CM/ECF system of the United States District Court for the District of Massachusetts.

*/s/Lisa Oliver White*
Lisa Oliver White